Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 5729 | DATE | DECEMBER 12, 2003 |
| CASE TITLE | WILLIAM CHEN v. QUARK BIOTECH, INC., etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants Laor's and Zurr's motion to dismiss [6] is granted. Defendants Boaz Laor and Daniel Zurr are dismissed without prejudice for lack of personal jurisdiction. Counts III and IV of the Complaint are dismissed without prejudice. All discovery is to be completed by March 12, 2004. Status hearing set for March 17, 2004 at 11:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | 4 number of notices | |
| ✔ | Notices mailed by judge's staff. | | DEC 15 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | December 12, 2003 date mailed notice | |
| | cw courtroom deputy's initials | 03 DEC 12 AM 4:29 Date/time received in central Clerk's Office | mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM CHEN, )
 )
       Plaintiff, )
 )
v. ) No. 03 C 5729
 )
 )
QUARK BIOTECH, INC., a )
California corporation, )
 )
       Defendant. )

DOCKETED
DEC 15 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff William Chen is a former employee of defendant Quark Biotech, Inc., a California corporation with its principal place of business in Cleveland, Ohio. Chen is an Illinois resident. Quark's President and Chief Executive Officer, Daniel Zurr, is also named as a defendant. Additionally, Boaz Laor is named as a defendant. Laor is an Executive Vice President for Quark and President of its United States operations. Zurr and Laor are both Israeli citizens residing in Ohio. There is complete diversity of citizenship and the amount in controversy exceeds $75,000.

Plaintiff had a three-year employment contract with Quark that was terminated after less than nine months of work. Plaintiff brings a claim against Quark for breach of contract. He also brings a claim under the Illinois Wage Payment and

13

Collection Act ("IWPCA"), 820 ILCS 115, against all three defendants. The IWPCA has a provision making certain corporate officers liable for unpaid wages of employees. It provides: "Any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation." 820 ILCS 115/13. Zurr and Laor have moved to dismiss the claims against them on the ground of lack of personal jurisdiction.

The burden is on plaintiff to show that personal jurisdiction over the individual defendants is proper. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003); Steel Warehouse of Wisconsin, Inc. v. Leach, 154 F.3d 712, 714 (7th Cir. 1998); Allman v. McGann, 2003 WL 1811531 *2 (N.D. Ill. April 4, 2003). For purposes of ruling on the question of personal jurisdiction, all uncontroverted facts alleged by plaintiff, all facts adequately supported by any affidavit or other evidence submitted by plaintiff, and all uncontroverted facts supported by defendants' affidavits or documentary submissions are assumed to be true. See Purdue Research, 338 F.3d at 782-83; McIlwee v. ADM Industries, Inc., 17 F.3d 222, 223 (7th Cir. 1994); Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal, 859 F.2d 1302, 1306 n.7 (7th Cir. 1988); Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987); Allman, 2003 WL 1811531 at *2.

Facts taken as true for purposes of defendants' motion are as follows. Plaintiff's employment contract was signed in Chicago on March 8, 2001. Neither Zurr nor Laor signed the contract on Quark's behalf. Zurr, however, approved the contract that had been negotiated by other employees of Quark. Plaintiff began working approximately April 1, 2001 and was discharged December 4, 2001. Plaintiff worked for Quark in Israel. There is no evidence or allegation that plaintiff worked for Quark in Illinois prior to working in Israel. Under the terms of the contract, plaintiff agreed that, upon the completion of his work in Israel, he would move to Cleveland to work for Quark. On some unspecified date prior to December 4, 2001, plaintiff returned to Illinois and continued to be paid by Quark until his discharge date. However, after returning to Illinois, plaintiff did not perform any work duties while awaiting his reassignment. Before being reassigned to perform work at Quark's Cleveland location, plaintiff's employment was terminated. Zurr signed the letter informing plaintiff of the discharge, which was effective December 4, 2001. The letter was signed in Ohio and mailed to Illinois. Zurr does not dispute the allegation of the complaint that he had the authority to pay plaintiff termination pay.

On at least four occasions between spring and December 2000, Zurr met with plaintiff in Illinois in an effort to recruit plaintiff for employment with Quark. Zurr made a total of five business trips to Illinois during 2000. In 2001, Zurr was in Illinois for only a few hours. In 2002, Zurr made one trip to

Illinois. The trip concerned Quark business. Zurr has not been in Illinois in 2003.

Laor did not become an employee of Quark until May 2001. Prior to that, he was a consultant to Quark. Laor was not involved in the decision to hire plaintiff. During 2001, Laor made three or four trips to Illinois on Quark business. At least one of those trips was while Laor was still a consultant. Prior to plaintiff's discharge, Laor telephoned plaintiff while plaintiff was in Illinois to discuss the possibility of plaintiff relocating to Ohio. Laor made one business trip to Illinois in 2002 and two personal trips to visit family. Laor has not been in Illinois in 2003.

Laor was not involved in the decision to discharge plaintiff. However, he was the one responsible for determining what payments, including severance payments, were due to plaintiff upon his discharge. Laor made this calculation based on the employment contract and directed that payments be direct deposited to plaintiff's bank account in Illinois.

There are two types of personal jurisdiction, general and specific. General jurisdiction is based on the defendant's continuous and systematic contacts with the state and is not dependent on the particular claim that is brought. Hyatt International Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002). Specific jurisdiction is based on claims arising out of or related to the defendant's contacts with the state. Id. In the present case, the personal jurisdiction law of Illinois is

applied. Id. The Illinois long-arm statute enumerates various grounds for exercising both specific, 735 ILCS 5/2-209(a), and general, id. 5/2-209(b), jurisdiction. The statute provides that a "court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." Id. 5/2-209(c). Because subsection (c) would cover all permissible grounds under subsections (a) and (b), it is only necessary to consider subsection (c). Hyatt, 302 F.3d at 714-15. Because, as regards due process and personal jurisdiction, no operative difference between the Illinois Constitution and United States Constitution has yet been identified, it is only necessary to consider the federal constitutional limits of personal jurisdiction. Id. at 715-16. It is noted, though, that the arguments made by plaintiff in support of personal jurisdiction fall within particular categories set forth in the long-arm statute. See 735 ILCS 5/2-109(a)(1) (transaction of business); id. 5/2-209(a)(2) (tortious action); id. 5/2-209(a)(7) (making or performance of a contract). See also id. 5/2-209(b)(4) (doing business within Illinois).

> The federal test for assertions of personal jurisdiction has been settled for more than fifty years: it is the familiar one found in International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945), which requires that the defendant must have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Id. at 316, 66 S. Ct. 154 (citation omitted). Those contacts may not be fortuitous.

Instead, the defendant must have "purposefully established minimum contacts within the forum State" before personal jurisdiction will be found to be reasonable and fair. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Crucial to the minimum contacts analysis is a showing that the defendant "should reasonably anticipate being haled into court [in the forum State]," id. at 474, 105 S. Ct. 2174 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)), because the defendant has "purposefully avail[ed] itself of the privilege of conducting activities" there. Burger King, 471 U.S. at 475, 105 S. Ct. 2174 (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)). While an out-of-state party's contract with an in-state party is not enough alone to establish the requisite minimum contacts, Burger King, 471 U.S. at 478, 105 S. Ct. 2174, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" may indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant. Id. at 479, 105 S. Ct. 2174.

    That much is true for all assertions of jurisdiction, general or specific. Where the defendant's contacts are more limited, such that specific jurisdiction is the only option, the suit must "arise out of" or "be related to" these minimum contacts with the forum state. This nexus is important . . . because it aims to give "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen, 444 U.S. at 297, 100 S. Ct. 559. Potential defendants should have some control over--and certainly should not be surprised by--the jurisdictional consequences of their actions. Thus, when conducting business with a forum in one context, potential defendants should not have to wonder whether some aggregation of other past and future contacts will render them liable to suit there.

Hyatt, 302 F.3d at 716.

At least three cases from this district have considered personal jurisdiction for IWPCA claims against out-of-state officers of the plaintiff's employing business entity. All of these cases have found personal jurisdiction to be lacking. See Allman, 2003 WL 1811531 at *3-7; McMurray v. Improvenet, Inc., 2001 WL 561376 *1-4 (N.D. Ill. May 22, 2001); Krok v. Burns & Wilcox, Ltd., 1999 WL 262125 *4-5 (N.D. Ill. April 16, 1999).[1] The particular facts relevant to personal jurisdiction in the present case, however, must be considered.

Plaintiff contends Zurr and Laor are subject to jurisdiction in Illinois because they have transacted business in Illinois, committed a tort in Illinois, and breached a contract made and performed in Illinois. For specific jurisdiction, however, the focus must be limited to the conduct from which plaintiff's claim arises.[2] The claim against the individual defendants are that they failed to pay plaintiff wages that were due. Illinois courts have characterized an IWPCA claim as a "cause of action that arises out of the employment contract." See Khan v. Van Remmen, Inc., 325 Ill. App. 3d 49, 756 N.E.2d

---

[1] In Krok, the court found that there would not be personal jurisdiction for the IWPCA claim, but, because there was personal jurisdiction based on other claims against the same defendants, the IWPCA claim was not dismissed for lack of personal jurisdiction.

[2] To the extent plaintiff is making a general jurisdiction argument, neither defendant's conduct was sufficient to constitute doing business in Illinois. Defendant's contacts were not continuous and systematic enough to support general jurisdiction.

902, 912 (2d Dist. 2001) (quoting <u>Miller v. Kiefer Specialty Flooring, Inc.</u>, 317 Ill. App. 3d 370, 739 N.E.2d 982, 986 (2d Dist. 2000), <u>appeal denied</u>, 193 Ill. 2d 588, 744 N.E.2d 285 (2001)). The support for that characterization, however, is an earlier case describing IWPCA claims as being "[c]laims for wages or final compensation [that] are thus <u>akin</u> to breach of contract actions." <u>Doherty v. Kahn</u>, 289 Ill. App. 3d 544, 682 N.E.2d 163, 173 (1st Dist. 1997) (emphasis added) (cited by <u>Miller</u>, <u>supra</u>). <u>See also</u> <u>Khan</u>, 756 N.E.2d at 638 (accepting, for the sake of argument, the plaintiff's characterization of an IWPCA claim as a "statutory tort").

Even assuming an IWPCA claim is a type of contract claim, it is not a claim that arises from contract formation nor directly from plaintiff's performance under the contract. Thus, Zurr's involvement in recruiting plaintiff and approving the contract that was offered to him is not conduct from which the IWPCA claim arises. Zurr was involved in plaintiff's discharge, but the nonpayment of wages does not arise from the discharge itself. <u>Krok</u>, 1999 WL 262125 at *4. Zurr's trips to Illinois, <u>cf.</u> <u>McMurray</u>, 2001 WL 561376 at *3, and Zurr's involvement in the discharge, <u>cf.</u> <u>id.</u>; <u>Krok</u>, 1999 WL 262125 at *4, are not conduct from which plaintiff's IWPCA claim against Zurr arises and therefore cannot support personal jurisdiction.

Laor, however, was the person who decided how much pay plaintiff was entitled to upon discharge and thus was directly involved in the transaction from which plaintiff's claim arises.

- 8 -

That is conduct from which the IWPCA claim arises.³ However, it still must be determined whether such conduct should be considered conduct that occurred in Illinois. Laor took all this action from his place of business in Ohio. Plaintiff contends it should be considered contact with Illinois because Laor's conduct had an economic impact upon plaintiff in Illinois. As to a tort claim, an economic injury in Illinois is generally a sufficient basis for finding that the wrongful conduct from which the claim arises occurred in Illinois and it will generally also be found that it is a fair and sufficient basis for bringing suit in Illinois. See Janmark, Inc. v. Reidy, 132 F.3d 1200, 1202 (7th Cir. 1997); Jamison v. UGN, Inc., 2003 WL 22715810 *2 (N.D. Ill. Nov. 18, 2003); divine/Whittman-Hart, Inc. v. King, 2002 WL 1611585 *4 (N.D. Ill. July 22, 2002); Clearclad Coatings, Inc. v. Xontal Ltd., 1999 WL 652030 *17 (N.D. Ill. Aug. 20, 1999). But see Allman, 2003 WL 1811531 at *5-6 (discussing tortious interference claim based on same basic facts as IWPCA claim in that case). Whether the IWPCA claim should be characterized as a contract claim, tort claim, or some other form of statutory claim, an employee suffering economic injury by being denied wages is an essential element of an IWPCA claim just as injury is an essential element of a tort claim. Although Laor performed

---

³For present purposes, it is also taken as true that Zurr had the authority to direct that additional compensation be provided to plaintiff. Even assuming that is conduct from which the IWPCA claim arises, it is an even less sufficient basis for personal jurisdiction than Laor's affirmative conduct in deciding how much compensation to provide.

his actions in Ohio, the denial of wages to plaintiff is an essential element of the IWPCA claim.

At the time he calculated plaintiff's final pay, Laor was aware of where plaintiff was located. However, to the extent Laor was aware of where plaintiff had performed work, he would only have known that plaintiff had performed work in Israel and that, if not terminated, his next assignment would be in Ohio. Thus, although the last payment was electronically transferred to a bank in Illinois for the benefit of an Illinois resident, any unpaid wages would be for work previously performed in Israel or future work that would have been performed in Ohio. Since plaintiff never worked for Quark while in Illinois and it was never intended that he would perform any work for Quark in Illinois, none of the unpaid wages now claimed are for work that would have been performed in Illinois. Although an Illinois resident at the time he was discharged, plaintiff was never an employee in Illinois.[4] The fact that certain payments went to plaintiff's bank account in Illinois would not be enough of a connection with Illinois to support personal jurisdiction.

---

[4]This raises a question as to whether the IWPCA would even apply to plaintiff. See Khan, 756 N.E.2d at 912-13. Under federal procedure, the merit of the claim generally is not an appropriate consideration in determining whether personal jurisdiction exists. See Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1351 at 243 (2d ed. 1990). Compare Khan, 756 N.E.2d at 912 (under Illinois procedures "a court may make a preliminary inquiry into whether the complaint states a cause of action against a defendant who contests jurisdiction to insure that acts or omissions that form the basis of a cause of action that is patently without merit will not serve to confer jurisdiction").

See Khan, 756 N.E.2d at 911. A defendant would not reasonably anticipate that employing a person in another country and state could result in being sued in Illinois simply because the person returned to Illinois and had his final paycheck sent there.

No sufficient basis has been shown for exercising jurisdiction over Zurr and Laor. They will be dismissed from this action for lack of personal jurisdiction. If plaintiff would prefer to bring suit in a venue where all three defendants are subject to personal jurisdiction, he may move to transfer venue to an appropriate district in Ohio.

IT IS THEREFORE ORDERED that defendants Laor's and Zurr's motion to dismiss [6] is granted. Defendants Boaz Laor and Daniel Zurr are dismissed without prejudice for lack of personal jurisdiction. Counts III and IV of the Complaint are dismissed without prejudice. All discovery is to be completed by March 12, 2004. Status hearing set for March 17, 2004 at 11:00 a.m.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 12, 2003